UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE HEATH,<br><br>             Plaintiff,<br><br>      v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>             Defendants. | Case No. 1:24-cv-01429-JLT-CDB<br><br>ORDER GRANTING PARTIES' STIPULATED REQUEST TO STAY PROCEEDINGS<br><br>(Doc. 7)<br><br><u>120-DAY DEADLINE</u> |

**Background**

On October 11, 2024, Plaintiff Donte Heath initiated this action with the filing of a complaint in the Superior Court of California, County of Kern.  He brings causes of action against Defendant City of Bakersfield and others under 42 U.S.C. § 1983 and state law, arising out of a traffic stop that occurred on December 31, 2023.  (Doc. 1 at 5-27).  On November 21, 2024, Defendants removed the action to this Court.  *See* (Doc. 1).

Pending before the Court is the parties' stipulated request to stay the proceedings until the conclusion of a criminal case arising out of the same incident: *People v. Heath*, Superior Court of California, County of Kern, Case No. BM98950A.  (Doc. 7).

//

//

**Legal Standard**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A court may enter a stay "pending resolution of independent proceedings which bear upon the case…whether the separate proceedings are judicial, administrative, or arbitral in character," and granting the stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quotation and citation omitted). In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." *Landis*, 299 U.S. at 255. Three factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

**Discussion**

As the parties have stipulated to stay the proceedings, the Court finds that factors (1) and (2) above weigh in favor of granting the stay. *See* (Doc. 7).

As to factor (3), the Court looks to how a stay may simplify or complicate the issues. The Court must consider "the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay."

*CMAX*, 300 F.2d at 268.  The Court finds that staying the case will likely help simplify the issues, for example those related to the Plaintiff's Fifth Amendment right against self incrimination.

Having considered the parties' stipulated request and the competing interests, the Court concludes a stay is appropriate.

**Conclusion and Order**

Based on the foregoing, the *CMAX* factors set forth by the Ninth Circuit weigh in favor of granting a stay of this action.

Accordingly, it is HEREBY ORDERED that the parties' stipulated request to stay proceedings (Doc. 7) is GRANTED pending the resolution of the criminal matter arising out of the same incident: *People v. Heath*, Superior Court of California, County of Kern, Case No. BM989540A.

Further, it is HEREBY ORDERED that the parties shall file a joint report addressing the status of the criminal case 120 days from the date of entry of this order, and thereafter, every 120 days and within 14 days of the aforementioned case being concluded.

The parties' final joint report upon the resolution of the case must set forth the parties' positions as to the criminal case's impact on this instant litigation and the parties' respective positions concerning further scheduling of the case.

IT IS SO ORDERED.

Dated:   **November 26, 2024**

UNITED STATES MAGISTRATE JUDGE